IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 02 CR 200-13 |
| v. | ) | |
| | ) | Honorable Rebecca R. Pallmeyer |
| STACIA SMITH | ) | |

**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

    Defendant STACIA SMITH's path to redemption has been long and remarkable. At age nine, her mother died and left Stacia with an abusive father. Stacia would later seek refuge and support in a relationship that led to her arrest, conviction, and two-decade sentence for federal drug and gun charges. On October 26, 2005, the United States District Court for the Northern District of Illinois sentenced Ms. Smith to 21 years of imprisonment. While in prison, Stacia rebuilt her life and fortified her character, earning commutation from President Obama in 2016. Today, Ms. Smith has served 17 months of supervised release without incident. She now requests early termination of her supervision and **the office of U.S. Probation, through officer Priscilla Lacoco, does not object to early termination**.

    In support of this motion, STACIA SMITH, by her attorney MIANGEL CODY, states as follows:

1.       On December 18, 2003, Stacia Smith was convicted under 21 U.S.C. § 846, 21 U.S.C. § 843 (b), and 21 U.S.C. §924(c) for her involvement in a narcotics conspiracy. At the time of her sentencing, everyone in the courtroom agreed that Ms. Smith was a low-level participant, had no

1

prior convictions, and no history of violence or drug abuse.[1] She faced a mandatory minimum of ten years on the drug count, and a mandatory consecutive ten-year sentence on the gun count.

2. On December 19, 2016, after careful review of Ms. Smith's history, characteristics, and extraordinary prison rehabilitation, President Obama granted clemency to Ms. Smith, leaving intact the supervised released imposed by the court.[2] In 2016 alone, 11,028 people applied for clemency, while only approximately five percent of applicants received clemency.[3] Ms. Smith was released from the Bureau of Prisons on April 18, 2017. In total, Ms. Smith served over 12 years in prison for her involvement in the drug conspiracy.[4]

3. As recognized by the Seventh Circuit Court of Appeals in *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011), "[a] district court may grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice so warrant." *See also* 18 U.S.C. 3583(e) ("The court may . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.").[5]

4. The factors set forth in 18 U.S.C. § 3553(a) support early termination of supervised release in this case. Ms. Smith has been an exemplary supervisee upon her release and continues to

---

[1] See Statement of Reasons (SOR) at 2.
[2] See Copy of Executive Grant of Clemency at 1.
[3] See The United States Department of Justice, Clemency Statistics, https://www.justice.gov/pardon/clemency-statistics.
[4] See Presentence Report (PSR) at 4-5, lines 134 - 140.
[5] Indeed, courts in this District have used their discretion to terminate supervision after the defendant's completion of a successful 12 months. *See, e.g., U.S. v. Clifton Williams*, 11 cr 212-1; *U.S. v. Richard Hopkins*, 11 cr 415-4; *U.S. v. Heidi Flanagan*, 09 cr 343-1; *U.S. v. Oladele Fagbulu*, 12 cr 373-1; *U.S. v. Leo Anderson*, 14 cr 307-1; *U.S. v. Tyrie Bell*, 98 cr 896; *U.S. v. Abel Garcia*, 12 cr 504 (all cases out of the Northern District of Illinois).

be an example to this day, as she has responsibly fulfilled every obligation imposed upon her by the Probation Office. Ms. Smith has not sustained any new arrests, cases, or convictions. She does not smoke, drink, or use any substances. Ms. Smith is dedicated to changing her life for the better after her release, which includes steady employment. She currently works for Nu-Care Inc., a group home for mentally challenged residents. She is the supervisor over three group homes, manages 15-17 employees, and assists residents with daily living activities, which includes driving them to various pro-social and emotional support appointments and providing therapeutic interactions.

5. Further evaluation of the 3553(a) factors as applied to Ms. Smith fall in favor of early termination. Ms. Smith's federal offense involved sporadic, low-level participation in the drug conspiracy.[6] She was a street level drug runner, at the instruction of the conspiracy leader and her then-boyfriend Troy Lawrence.[7] She held no leadership or supervisory role, and the record indicates that her participation was inconsistent.[8] Her involvement was not lucrative; the PSR's summary of her financial condition at the time of sentencing indicated that she had no assets and was more than $26,000 in debt.[9] Prior to her federal case, Ms. Smith had never been arrested, charged, or convicted of any crimes.[10] As a first-time offender, Ms. Smith received more than two decades in prison.

6. While incarcerated, Ms. Smith did not sit idly by and allow opportunities to pass. She maintained consistent employment during her time served. Ms. Smith was employed by UNICOR making shorts for the military, where the BOP entrusted her with such tools as sewing needles and cutting blades. Ms. Smith also worked as a supervisor in the prison kitchen, as a receptionist at a 411 call center, and at the commissary warehouse. She often used the money she earned from these jobs (usually less than $1 per hour) to provide for her children's needs.

---

[6] See Presentence Report (PSR) at 5, lines 135-140.
[7] See id.
[8] See id.
[9] See Presentence Report (PSR) at 17-18, lines 393-410.
[10] See id. See also Presentence Report (PSR) at 5, lines 135-140.

7.      Ms. Smith also did not allow her incarceration to stop her from pursuing her education. She was one of only twelve applicants selected to receive free tuition for classes at Minnesota State University. At the conclusion of the program, while still in prison, Ms. Smith received a certificate in Sociology.[11] Even since before her release, Ms. Smith's values have include a strong work ethic and educational ambition. These values have carried over into her present success on supervision.

8.      Ms. Smith is not the same person she was before her incarceration. She has matured as a person and as a mother, and has built an extensive support system of friends and family. They describe her as, "an honest person with good moral character", "very easy to get along with", "full of determination and motivation", and a "dependable, responsible, and honest person."[12] In short, she is remorseful for her participation and her previous actions, and is long removed from the young and naïve woman she once was. In the words of Ms. Smith herself:

> *I can only take this day forth and move on. And make something better of my life for me and my family.*



---

[11] Ms. Smith no longer has her BOP records in her possession; however, counsel would be happy to make a request from the BOP for any records the court would like to see.
[12] See Exhibit A, character letters.

4

9.     Ms. Smith has fulfilled all conditions and derived the benefits available from supervision. Her conduct on supervision thus far has demonstrated she is capable of productive citizenship. She has maintained employment and stable living conditions since the date of her release. There is no further need for Ms. Smith to remain supervised. To do so would unnecessarily limit her progress and burden the United States Probation Office. She urges that the limited resources of the United States Probation Office are better allocated to individuals more acutely in need of court supervision.

    WHEREFORE, for the foregoing reasons, Ms. Stacia Smith respectfully asks the Court to grant this motion for early termination of her supervision.

Respectfully submitted,

By: _____
    MiAngel Cody
    *Counsel for Stacia Smith*[13]

    THE DECARCERATION COLLECTIVE
    900 W. Jackson Blvd., Ste. 7E
    Chicago, IL 60607
    Ph: (312) 858-8300

---

[13] Genesis Reed and Faith Harvey, second and third year law students at SMU Dedman School of Law, substantially assisted Ms. Smith's defense with investigation, research and drafting for the instant brief.

5

**CERTIFICATE OF SERVICE**

  The undersigned, MiAngel Cody, an attorney with The Decarceration Collective, hereby certifies that the following document:

**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

was served on October 19, 2018, in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), pursuant to the district court's ECF system as to ECF filers, and was sent by first class mail or by hand delivery to non-ECF filers, if any.

By: _/s/ MiAngel Cody_

MiAngel Cody
*Counsel for Stacia Smith*

THE DECARCERATION COLLECTIVE
900 W. Jackson Blvd., Ste. 7E
Chicago, IL 60607
Ph: (312) 858-8330